Form 3015-1 - Chapter 13 Plan

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

**CHAPTER 13 PLAN**

In re:
**RACHEL CHRISTIE PIEHL**

Dated: **September 29, 2009**

DEBTOR        Case No.

*In a joint case, debtor means debtors in this plan.*

1. **DEBTOR'S PAYMENTS TO THE TRUSTEE —**
   a. As of the date of this plan, the debtor has paid the trustee $ **0.00** .
   b. After the date of this plan, the debtor will pay the trustee $ **365.00** per **Month** for **60** months, beginning within 30 days after the order for relief for a total of $ **21,900.00** . The minimum plan payment length is **X** 36 or ___ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
   c. The debtor will also pay the trustee ___
   d. The debtor will pay the trustee a total of $ **21,900.00** [line 1(a) + line 1(b) + line 1(c)].

2. **PAYMENTS BY TRUSTEE —** The trustee will pay from available funds only creditors for which proof of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ **2,190.00** , [line 1(d) x .10].

3. **ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)] — NONE.   4.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365] — NONE.   5.  CLAIMS NOT IN DEFAULT — NONE.**

6. **HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)] —** The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. *All following entries are estimates.* The trustee will pay the actual amounts of default.

|    | Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|----|----------|------------------:|-----------------|---------------------:|-------------------:|---------------:|
| a. | BANK OF AMERICA | $ 4,600.00 | $ PRO-RATA | 13 | 50 | $ 4,600.00 |
| b. | TOTAL |  |  |  |  | $ 4,600.00 |

7. **CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e) ] —** The trustee will cure defaults on the following claims as set forth below. The debtor will pay for the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. *All following entries are estimates, except for interest rate.*

|    | Creditor | Amount of Default | Int. rate (if applicable) | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|----|----------|------------------:|--------------------------:|-----------------|---------------------:|-------------------:|---------------:|
| a. | PARKWOOD HOME OWNERS ASS'N | $ 11,000.00 | 0.00 | $ PRO-RATA | 13 | 50 | $ 11,000.00 |
| b. | TOTAL |  |  |  |  |  | $ 11,000.00 |

8. **OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)] —** The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

|    | Creditor | Claim Amount | Secured Claim | Int. Rate | Beg. in Mo. # | (Monthly Pmnts) | x | (No. of Pmnts) | = | Pmnts on Account of Claim | + | (Adq. Prot. from ¶ 3) | = | TOTAL PAYMENTS |
|----|----------|-------------:|--------------:|----------:|--------------:|----------------:|---|---------------:|---|--------------------------:|---|----------------------:|---|---------------:|
| a. | Wisc. Auto Title Loans | $ 900.00 | $ 900.00 | 6 | 9 | $ 265.13 |  | 4 |  | $ 1,060.50 |  | $ 0.00 |  | $ 1,060.50 |
| b. | TOTAL |  |  |  |  |  |  |  |  |  |  |  |  | $ 1,060.50 |

9. **PRIORITY CLAIMS** — The trustee will pay in full all claims entitled to priority under § 507, including the following. ***The amounts listed are estimates.*** The trustee will pay the amounts actually allowed.

| | Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. | Attorney Fees | $ 2,500.00 | $ 312.50 | 1 | 8 | $ 2,500.00 |
| b. | TOTAL | | | | | $ 2,500.00 |

10. **SEPARATE CLASSES OF UNSECURED CREDITORS** — **NONE.**

11. **TIMELY FILED UNSECURED CREDITORS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately $ **1,206.50**   [line 1(d) minus lines 2, 6(b), 7(b), 8(a), 9(b) and 10(a)].

   a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $ **0.00**.

   b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $ **36,542.38**.

   c. Total estimated unsecured claims are $ **36,542.38**   [line 11(a) + line 11(b)].

12. **TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10 or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

13. **OTHER PROVISIONS** —
    **Special Intentions:**
    **AFFINITY PLUS: Debtor is surrendering the 2006 DODGE MAGNUM to this Creditor in full satisfaction of the secured claim.  Creditor shall be allowed an unsecured claim for the deficiency balance owed.**
    **HSBC CARD SERVICES: Debtor is surrendering the 2007 SUZUKI GXR to this Creditor in full satisfaction of the secured claim.  Creditor shall be allowed an unsecured claim for the deficiency balance owed.**

    **The trustee may distribute funds not allocated above at her discretion.**

    **The tax authorities including the federal government, state revenue and property taxes shall be paid per claim whether filed as priority or secured.**

    **Except for the IRS, upon the completion of the payment of the secured portion of any claim, the property securing said claim shall vest in the debtor(s) free and clear of any lien, claim or interest of the secured creditor, and the secured creditor shall execute whatever documents necessary to release the lien on title to security.**

    **In the event a creditor is inadvertently omitted from the schedules and Debtor sends it notice of the case after the time period for timely filing claims has expired, and if said creditor files a late claim, the trustee shall pay said creditor in the same manner as timely filed claims.**

14. **SUMMARY OF PAYMENTS** —

| | |
|---|---|
| Trustee's Fee [Line 2] | $ **2,190.00** |
| Home Mortgage Defaults [Line 6(b)] | $ **4,600.00** |
| Claims in Default [Line 7(b)] | $ **11,000.00** |
| Other Secured Claims [Line 8(b)] | $ **1,060.50** |
| Priority Claims [Line 9(b)] | $ **2,500.00** |
| Separate Classes [Line 10(a)] | $ **0.00** |
| Unsecured Creditors [Line 11] | $ **1,206.50** |
| **TOTAL [must equal Line 1(d)]** | $ **21,900.00** |

*Insert Name, Address, Telephone and License Number of Debtor's Attorney:*
**JOHN D. LAMEY III 0312009**
**LAMEY LAW FIRM, P.A.**
**980 INWOOD AVE N**
**OAKDALE, MN 55128-7094**
**651.209.3550**

Signed **/s/ RACHEL CHRISTIE PIEHL**
**RACHEL CHRISTIE PIEHL**
DEBTOR